UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| KESIAH CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:20-cv-6596 |
| | ) |
| EVERGREEN LIVING & REHAB | ) |
| CENTER, LLC d/b/a AVANTARA | ) |
| OF EVERGREEN PARK, | ) |
| | ) |
| Defendant. | ) |
| | / |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, KESIAH CLARK ("Plaintiff" or "Clark"), and files her Complaint against Defendant, EVERGREEN LIVING & REHAB CENTER, LLC d/b/a AVANTARA OF EVERGREEN PARK, ("Defendant" or "Evergreen"), and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.*

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination and harassment against Plaintiff due to her disability leading to her unlawful termination.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

1

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Clark, is a citizen of the United States, and is and was at all times material, a resident of the state of Illinois.

6. Defendant, Evergreen, is an Illinois For Profit Corporation with its principal pace of business in Skokie, Illinois.

7. Defendant does business and Plaintiff worked for Defendant in this District.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On September 17, 2019, Plaintiff dual-filed a claim with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On August 7, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

13. This complaint was filed within ninety days of the EEOC's issuance of the Determination.

**FACTS**

14. Plaintiff worked for Defendant in a full-time capacity as a Registered Nurse.

15. Plaintiff is a disabled female.

16. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

17. Defendant was on notice of Plaintiff's disability.

18. At all times material, Plaintiff was able to perform the essential functions of her job with or without accommodations.

19. In early 2019, Plaintiff began to experience abnormally heavy menstrual bleeding and severe stomach cramps due to her disability.

20. The cramping substantially limited Plaintiff's daily life activities such as standing and walking.

21. Plaintiff verbally notified Anita Johnson, Supervisor, and Richard Ross, Director of Nursing, on days when the cramping was especially bad and caused Plaintiff to become physically ill.

22. In May 2019, Plaintiff was diagnosed with leiomyomas of the uterus and informed Defendant that she would require surgery to treat her condition. Plaintiff also notified Mr. Ross directly of her condition and her need for surgery in the near future.

23. On May 10, 2019, Plaintiff completed a surgical consultation and was scheduled to undergo an abdominal myomectomy on July 10, 2019.

24. Immediately following her appointment, Plaintiff sent a text message to Mr. Ross to inform him that her surgery had been scheduled for July 10, 2019. Plaintiff also notified Mr. Ross that she had been prescribed medication to treat her condition.

25. Subsequently, Plaintiff's doctor completed medical leave request forms which Plaintiff provided to Defendant's Human Resources department.

26. Plaintiff made a reasonable request for a brief medical leave of absence to undergo surgery for her disability.

27. On June 10, 2019, Plaintiff sent a text message to Ms. Johnson explaining she was to undergo surgery on July 10, 2019, and requested to begin medical leave on July 9, 2019, due to surgery preparation.

28. Rather than grant Plaintiff's reasonable request Defendant terminated Plaintiff's employment under pretext on July 10, 2019, the day of her surgery.

29. Plaintiff's request for an accommodation in the form of a brief medical leave was reasonable and would not have caused undue hardship to the Defendant.

30. Plaintiff has been damaged by Defendant's illegal conduct.

31. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I:**
**Disability Discrimination in Violation of the ADA**

32. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

33. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

34. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

35. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

36. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

37. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

38. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

39. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II:
### Failure to Accommodate in Violation of the ADA

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

41. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

42. Defendant was aware of Plaintiff's disability.

43. Defendant failed to accommodate Plaintiff's disability.

44. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

45. Defendant's actions have cause Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

46. Defendant has engaged in discriminatory practices with malice and reckless indifferent to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III:
### Retaliation in Violation of the ADA

47. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

48. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating her employment.

49. Defendant's conduct violates the ADA.

50. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

51. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages.

52. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*