UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KESIAH CLARK, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>)<br>EVERGREEN LIVING & )<br>REHAB CENTER, LLC D/B/A )<br>AVANTARA OF EVERGREEN PARK, )<br>)<br>  Defendant. )<br>_____/ | Case No.: 1:20-cv-6596 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
OR IN THE ALTERNATIVE MOTION FOR LEAVE TO AMEND**

COMES NOW, Plaintiff, Kesiah Clark, ("Plaintiff"), and files her Response in Opposition to Defendant, Evergreen Living & Rehab Center, LLC d/b/a Avantara of Evergreen Park's ("Defendant") Motion to Dismiss ("Motion") or in the alternative Motion for Leave to Amend and in support she states the following:

**I.    INTRODUCTION**

Defendant violated Title I of the Americans Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") when it discriminated against Plaintiff because of her disability and retaliated against her for engaging in protected activity leading to her unlawful termination.

Plaintiff is a disabled individual under the ADA. Due to her disability, Plaintiff requested a medical leave of approximately four weeks as a reasonable accommodation under the ADA. Defendant failed to engage in the interactive process with Plaintiff and due to her disability and in retaliation for her engagement in protected activity it terminated Plaintiff.

1

Plaintiff's Complaint is well-pled as it provides Defendant with sufficient notice of the allegations against it. Defendant seeks only to delay litigation through filing its motion to dismiss and holds Plaintiff's Complaint to a standard more akin to that of a motion for summary judgment than the lesser standard under Rule 8(a)(2) of the Federal Rules of Civil Procedure. Thus, this Court should deny Defendant's Motion.

a. **Procedural History**

Plaintiff filed her "Complaint with Jury Trial" (Doc. 1) on November 6, 2020, alleging claims arising from her employment with Defendant and Defendant's violations of the ADA. In response, Defendant filed its Motion to Dismiss (hereinafter "Motion") (Doc. 9). Plaintiff now files her Response Brief in Opposition and simultaneously files a Motion for Leave to Amend her Complaint.

b. **Factual Overview**

As alleged and well-pled in Plaintiff's Complaint, Plaintiff is a disabled female and Defendant is aware. (Plaintiff's Complaint "Pl. Compl." ¶ 15). In early 2019, Plaintiff notified Anita Johnson, Supervisor, and Richard Ross, Director, that she was experiencing severe stomach cramping which made her physically ill. (Pl. Compl. ¶ 21). In May 2019, Plaintiff informed Defendant of her formal diagnosis and needed for surgery to treat her disability. (Pl. Compl. ¶ 22). On or about May 20, 2019, Plaintiff informed Mr. Ross that her surgery had been scheduled for July 10, 2019, and that she had been prescribed medicine for her condition. (Pl. Compl. ¶24).

Subsequently, Plaintiff's doctor completed medical leave request forms which Plaintiff provided to Defendant's Human Resources department. (Pl. Compl. ¶ 25). Plaintiff made a reasonable request for accommodation in the form of a brief medical leave of absence to undergo surgery to treat her disability. (Pl. Compl. ¶ 26). On or about June 10, 2020, Plaintiff submitted a

request to Ms. Johnson to begin her medical leave on July 9, 2020. (Pl. Compl. ¶ 27). Rather than grant Plaintiff's reasonable request for accommodation, Defendant terminated Plaintiff's employment on July 10, 2020. (Pl. Compl. ¶ 28).

**II.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide a "short and plain statement of the claims showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In assessing a motion to dismiss under 12(b)(6), the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009).

The purpose of a motion to dismiss is to test the sufficiency of the pleadings so that a defendant knows why it is being sued and can formulated a defense. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Further, "[a] complaint is not required to allege all, or any, of the facts entailed by the claim." *Olojo v. Kennedy-King Coll.*, 2006 U.S. Dist. LEXIS 42109 at *2 (N.D. Ill. June 7, 2006) (citing *Lekas v. Briley*, 405 F. 3d 602, 606 (7th Cir. 2005)).

To survive a motion to dismiss under Rule 12(b)(6) a plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015); *D.B. v. Kopp*, 725 F.3d 681 (7th Cir. 2013) (internal quotations omitted). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *See also Kopp* at 685.

However, the plausibility standard does not impose a probability requirement at the pleading stage; "it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56

(2007). A claim will survive a Rule 12(b)(6) motion if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. ARGUMENT

Plaintiff is a qualified individual under the ADA and has properly pled in her Complaint that Defendant discriminated against her due to her disability, failed to accommodate her when she requested a reasonable accommodation, and retaliated against her leading to her unlawful termination.

### a. Plaintiff's claim for Disability Discrimination is Well-Pled and Plaintiff is a Qualified Individual Under the ADA.

The ADA provides three ways in which a plaintiff can establish the existence of a disability (1) a physical or mental impairment which substantially limits one or more of the major life activities; (2) a record of such an impairment; or (3) if she is regarded as having such an impairment. 42 U.S.C. § 12102(1); *Scheidt v. Floor Covering Assocs.*, 2018 U.S. Dist. LEXIS 167480 at *18 (N.D. Ill. Sep. 28, 2018); *Sanders v. City of Chicago*, 2000 U.S. Dist. LEXIS 1753 at *19 (N.D. Ill. Feb. 10, 2000).

A plaintiff is not required to specifically plead that her alleged condition satisfies each aspect of the definition of "disabled" at the initial pleading stage. *McKay v. Town & Country Cadillac*, 991 F. Supp. 966, 970 (N.D. Ill. 1997). "Pleading the factual conclusion, rather than each and every element of the definition, is sufficient." *Id.* In *McKay* the court found the plaintiff gave the defendant sufficient notice of his disability where the plaintiff stated in his complaint that his alleged disability was alcoholism. A plaintiff can plead conclusions so long as the conclusions

provide the defendant with at least minimal notice of the claim. *Jackson v. Marion Cty.*, 66 F, 3d 151, 154 (7th Cir. 1995); *see also Sanders,* 2000 U.S. Dist. LEXIS 1753 at *20 (a plaintiff pled he suffered from "emotional stress syndrome" which was not yet defined by the ADA as a disability, and further pled that his doctors diagnosed him with his disability and that plaintiff was reassigned to another position due to his disability that the plaintiff sufficiently pled a disability discrimination claim).

Here, Plaintiff is a qualified individual under the ADA and her Complaint is well-pled. Plaintiff pled that she is disabled as Defendant is aware. (Pl. Compl. ¶ 15). Plaintiff has also pled in excess of the plaintiff in *McKay* as Plaintiff alleged that her disability substantially limits one or more of her major life activities. (Pl. Compl. ¶ 20). Plaintiff also verbally informed Defendant when her disability was impacting her ability to complete major life activities. (Pl. Compl. ¶ 21). Moreover, inquiry into whether Plaintiff's Complaint constitutes a disability, which it does, under the meaning of the ADA is better suited for discovery and later phases of litigation – not the initial pleadings. Thus, Plaintiff satisfies element one.

As with element one, Plaintiff has properly pled element two. In her Complaint, Plaintiff states that she notified Defendant of her disability verbally and provided medical leave documentation completed by her doctor thus putting Defendant on notice of her disability. (Pl. Compl. ¶¶ 22, 25). Plaintiff pled that she had verbal conversations with Ms. Johnson and Mr. Ross regarding the physical symptoms she experienced due to her disability. (Pl. Compl. ¶ 21). Additionally, Plaintiff provides that she sent text messages to Mr. Ross regarding her condition and treatment. (Pl. Compl. ¶ 27). Thus, Plaintiff has established in her Complaint that she is a qualified individual under the ADA and her claim for disability discrimination is well-pled.

### b. Plaintiff's Claim for Failure to Accommodate is Well-Pled and Plaintiff is a Qualified Individual Under the ADA.

To satisfy a prima facie case for failure to accommodate under the ADA, a plaintiff must show (1) she is a qualified individual with a disability; (2) the employer was aware of her disability; (3) the employer failed to reasonably accommodate the disability. *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005). A Court does not need to determine at the initial pleading stage whether a leave of absence is too long to be a reasonable accommodation. *Wileman v. Sch. Dist. Of Janesville*, 2018 U.S.Dist. LEXIS 44995, at *18 (W.D Wis. Mar. 19, 2018) (finding the court did not need to decide at the pleading stage whether a six-week leave of absence was too long to be a reasonable accommodation.) Further, the Seventh Circuit has found a four-week leave of absence for medical treatment was not be too long to be a reasonable accommodation. *Haschman v. Time Warner Entm't Co.*, 151 F.3d 591, 600-01 (7th Cir. 1998).

As discussed above, Plaintiff's Complaint satisfies elements one and two. See *supra* III(a). Plaintiff will now turn to element three. Determining whether Plaintiff's request for medical leave as accommodation was reasonable is proper in the later phases of litigation- not the initial pleading stage. Plaintiff has pled that she made a request for accommodation when she submitted a request for a medical leave of absence (Pl. Compl. ¶¶ 25, 26). Defendant failed to engage at all in the interactive process and terminated Plaintiff due to her request for accommodation. Plaintiff requested a brief medical leave of absence as an accommodation for her disability and provided the required leave paperwork to Defendant (Pl. Compl. ¶ 25, 26). At no time prior to her termination did Defendant engage with Plaintiff in the interactive process. Defendant did not notify Plaintiff there was an issue with her request or present Plaintiff with any alternative options. Defendant did not present Plaintiff with the opportunity to engage in the interactive process, rather

Defendant terminated Plaintiff's employment that day she underwent surgery for her disability (Pl. Compl. ¶ 28). Thus, Plaintiff's failure to accommodate claim is well-pled.

    **c. Plaintiff's claim for Retaliation is Well-Pled.**

The ADA prohibits retaliating against individuals (qualified or not) who have engaged in activities protected by the ADA such as requesting a reasonable accommodation. *Rowlands v. UPS*, 901 F.3d 792, 798 (7th Cir. 2018). It is established in the Seventh Circuit that "employers are forbidden from retaliating against employees who raise ADA claims regardless of whether the initial claims of discrimination are meritless." *Koty v. DuPage Cty., Ill.*, 900 F.3d 515, 519 (7th Cir. 2018). Even if a plaintiff is not disabled, he can still validly state a claim for ADA retaliation. *Brooks v. City of Pekin*, No. 1:18-cv-01334, 2019 U.S. Dist. LEXIS 133972 at *14 (C.D. Ill. Aug.9, 2019).

Plaintiff's Complaint is well-pled as she has pled that she requested a reasonable accommodation and was terminated thereafter in retaliation. (Pl. Compl. ¶¶ 22, 25, 28). Plaintiff submitted a request for accommodation in the form of a medical leave of absence to Defendant. (Pl. Compl. ¶¶ 22, 25). The day after Plaintiff began her requested leave of absence, Defendant terminated her employment. (Pl. Compl. ¶ 28). Regardless of whether Plaintiff qualifies as disabled, which she does, Defendant was prohibited from retaliating against her for requesting a medical leave of absence as an accommodation. Thus, Plaintiff's retaliation claim is well-pled.

**IV.    CONCLUSION**

Based on the foregoing, Defendant's Motion should be denied because Plaintiff's Complaint is well-pled. Should this Court find in favor of Defendant, which it should not, Plaintiff respectfully requests the Defendant's Motion be rendered moot and gran Plaintiff leave to amend her Complaint to address the alleged deficiencies.

Dated this 2nd day of February 2021.

                Respectfully Submitted:

                **/s/ Gary Martoccio**
                Gary Martoccio
                Illinois Attorney Registration No. 6313431
                **Spielberger Law Group**
                4890 W. Kennedy Blvd., Ste. 950
                Tampa, Florida 33606
                T: (800) 965-1570
                F: (866) 580-7499
                Gary.Martoccio@spielbergerlawgroup.com

                *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of February 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send a notice of electronic filing for Defendant:

Maritoni D. Kane
David S. Levine
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
mkane@mayerbrown.com
dlevine@mayerbrown.com

                **/s/ Gary Martoccio**
                Gary Martoccio